IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LACINDA SARIKA DARIEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-905-A |
| | § | |
| JODY UPTON, WARDEN, | § | |
| FMC CARSWELL, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Petitioner, LaCinda Sarika Darien, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243. Having considered the petition and the papers attached thereto, as well as the applicable legal authorities, the court concludes that it appears from the face of the petition that petitioner is entitled to no relief.

As stated in the petition, petitioner pleaded guilty in the United States District Court for the Northern District of Georgia to one count of failure to surrender. On February 6, 2014, the

court sentenced petitioner to a term of imprisonment of eighteen months. Petitioner is presently incarcerated at FMC-Carswell.

The petition describes at length petitioner's numerous physical ailments and her complaints regarding the medical care she has received, or failed to receive, at FMC-Carswell. Hence, at first glance the petition appears to be in the nature of a complaint alleging failure of the Bureau of Prisons to provide adequate medical care or deliberate indifference to petitioner's medical needs. Such claims are not cognizable in a petition pursuant to § 2241, because "habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration." Granville v. Hunt, 411 F.2d 9, 12 (5th Cir. 1969). Allegations challenging the rules, customs, and procedures affecting conditions of confinement are properly brought in civil a rights action. Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987).

To the extent petitioner is asserting a claim for failure to provide adequate medical care or deliberate indifference to her medical needs, such claims are dismissed. If petitioner wishes to pursue claims pertaining to the alleged failure of the Bureau of Prisons to provide adequate medical care, or regarding other conditions of her confinement, she must do so by filing an appropriate civil action and paying the applicable filing fee.

2

The petition also appears to complain of the denial by the Bureau of Prisons of petitioner's request for compassionate release. The nature of the relief requested affirms this, as petitioner seeks relief from her sentence "so that she can go home to receive the medical care that she needs and for which she has been denied." Pet. at 7.

A petition pursuant to § 2241 may be granted only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "sole function" of a habeas petition is relief from unconstitutional custody, and "it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam). The Fifth Circuit has addressed a similar issue, where a prisoner filed a petition pursuant to § 2241 wherein she requested compassionate release due to her medical condition. Figueroa v. Chapman, 347 F. App'x 48, 50 (5th Cir. 2009) (per curiam).[1] The court affirmed the undersigned's denial of the petition, holding that, unless the § 2241 petition alleged that the prisoner was in custody in violation of the Constitution, laws, or treaties of the United States, the petition could not be granted. Id. Because the petition was grounded on the

---

[1] The court recognizes that this unpublished opinion is not binding precedent. Nevertheless, the court finds the holding and analysis instructive in resolving the instant action.

3

petitioner's medical needs, denial was appropriate, as "[a] compassionate release request is not a matter of illegal or unconstitutional restraint." Id.

The same result is warranted here. The petition does not allege that petitioner is in custody as a result of a constitutional violation, but instead seeks petitioner's release based solely on her medical needs. Accordingly, § 2241 is not the proper means by which petitioner may obtain relief, and the court is unable to grant the relief sought. Id.

Therefore,

The court ORDERS that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by LaCinda Sarika Darien be, and is hereby, denied.

SIGNED November 14, 2014.

_____
JOHN McBRYDE
United States District Judge